**ORIGINAL**

1   JOHN D. WILSON (SBN 94624)
    LAW OFFICES OF JOHN D. WILSON
2   1900 Avenue of the Stars, Suite 960
    Los Angeles, CA  90067-4310
3   Tel:  (310) 277-2323
    Fax:  (310) 556-2308
4   Email:  johnw@jdwilsonlaw.net

5   Attorney for Non-Party
    ENILUZ GONZALEZ

```
┌─────────────────────────────┐
│          FILED              │
│       AUG 2 1 2017          │
│  CLERK U.S. BANKRUPTCY COURT│
│ CENTRAL DISTRICT OF CALIFORNIA│
│  BY      DVA    Deputy Clerk│
└─────────────────────────────┘
```

**BY FAX**

6

7              UNITED STATES BANKRUPTCY COURT
               CENTRAL DISTRICT OF CALIFORNIA
8                    RIVERSIDE DIVISION

9

10  In re PDWT, LLC,                     **CASE NO.  6:16-bk-15889-SY**

11              Debtor,                  **Adv. Proc. No.**

12                                       **Chapter 7**

13
                                         **NON-PARTY ENILUZ GONZALEZ'S**
14                                       **NOTICE OF MOTION AND MOTION TO**
                                         **QUASH SUBPOENA DUCES TECUM;**
15                                       **MEMORANDUM OF POINTS AND**
                                         **AUTHORITIES AND DECLARATIONS OF**
16                                       **ENILUZ GONZALEZ AND JOHN D. WILSON**
                                         **IN SUPPORT THEREOF**
17
    ─────────────────────────────
18              Plaintiff              Date:
                                       Time:
19        v.                           Dept.

20              Defendant
    ─────────────────────────────
21

22      **TO THE HONORABLE SCOTT H. YUN, JUDGE PRESIDING, AND TO ALL**

23  **PARTIES AND THEIR COUNSEL OF RECORD:**

24      **PLEASE TAKE NOTICE** that on _____, 2017 at 1:30 p.m., or as soon thereafter as the

25  matter may be heard, in Department 302 of the above-entitled Court, located at 3420 12th St.,

26  Riverside CA. 92501, the Honorable Scott H. Yun, Judge Presiding, Non-Party Eniluz Gonzalez,

27  ("Gonzalez") will and hereby does apply for an order quashing the Subpoena Duces Tecum

28  ("Subpoena") based upon the following grounds:

                                        1
              **NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA**

1      1.     The Subpoena is procedurally defective. [1]

2      2.     The Subpoena is substantively defective.

3      3.     No witness fee or travel fee was tendered to Gonzalez when she was served with the

4  Subpoena.

5      4.     Gonzalez no longer resides in the United States.

6      5.     Counsel for Gonzalez offered alternative methods of obtaining the testimony of

7  Gonzalez, to which counsel that issued the Subpoena did not directly respond, such as taking a video

8  deposition, taking a deposition by phone or taking the deposition in Costa Rica, and thereafter

9  utilizing the deposition testimony at trial because the witness is unavailable.

10      6.     A final option that exists is that Gonzalez was deposed in the State Court Action on

11  July 31, 2017, and therefore the transcript could be used in these proceedings.

12      This Motion is further based upon this Notice, the Memorandum of Points and Authorities,

13  and the Declarations of Eniluz Gonzalez and John Wilson and exhibits attached thereto, as well as

14  the records and files herein, and such oral and documentary evidence as may be presented at the

15  hearing of this Motion.

16

17  DATED: August 21, 2017           LAW OFFICES OF JOHN D. WILSON

18

19                         By:

20                             JOHN D. WILSON

                           Attorney for Non-Party Eniluz Gonzalez

21

22

23

24

25

26  _____

27  [1] A copy of the Subpoena is attached to the Declaration of Eniluz Gonzalez as Exhibit
"A".

28

**NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Eniluz Gonzalez is a United States citizen. Ms. Gonzalez was present at a deposition in the Central District of California.

At this deposition in a state court action, attorney Dimitrios Biller served Ms. Gonzalez with a trial subpoena for an adversary proceeding in bankruptcy court. Gonzalez was ordered to appear at a later trial and bring generic categories of documents to the courtroom.

Gonzalez name was not spelled correctly on the Subpoena. The Subpoena is not a proper Subpoena for a bankruptcy action. The Subpoena is issued by the District Court. The Subpoena does not identify the parties to the Adversary Action. No witness fee was provided at the time of service of the Subpoena. No travel fee was provided at the time of service of the Subpoena. The Subpoena requires that prior to its issuance notice be given to all other parties. There is no proof this requirement was satisfied. Under the section in which one must identify the documents. None are sought, yet the subpoena contains Exhibit "A" seeking a host of very broad documents.

Gonzalez has since permanently moved to Costa Rica with her family (more than 100 miles from the Riverside trial court and outside of the United States). This move was planned long before the service of the subpoena. (See Declaration of Gonzalez attached hereto.)

### II.    THE SUBPOENA IS DEFECTIVE

Gonzalez name was not spelled correctly on the Subpoena. The Subpoena is not a proper Subpoena for a bankruptcy action. The Subpoena is issued by the District Court. The Subpoena does not identify the parties to the Adversary Action. No witness fee was provided at the time of service of the Subpoena. No travel fee was provided at the time of service of the Subpoena. The Subpoena requires that prior to its issuance notice be given to all other parties. There is no proof this requirement was satisfied. Under the section in which one must identify the documents. None are sought, yet the subpoena contains Exhibit "A" seeking a host of very broad documents.

Federal Rule of Bankruptcy Procedure 9016 provides that "Rule 45 F.R.Civ.P. applies in cases under the Code."

1

1    Federal Rule of Bankruptcy Procedure 45 is very detailed.

2    Federal Rule of Civil Procedure 45(a)(1)(A) sets out the mandatory requirements for a

3    subpoena ("Every subpoena must...command each person to whom it is directed to do the following

4    at a specified time and place: attend and testify; produce designated documents..."). Since the

5    subpoena does not state the correct name of the witness, Eniluz Gonzalez contends she is not "a

6    person to whom [the subpoena] is directed."

7    Rule 45(a)(4) requires advance notice, at least as to pre-trial production of documents. there

8    is no proof that notice was provided to the other parties? Federal Rule of Civil Procedure 45(a)(4)

9    ("Notice to Other Parties Before Service. If the subpoena commands the production of documents,

10   electronically stored information, or tangible things or the inspection of premises before trial, then

11   before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be

12   served on each party.").

13   Service of a subpoena also requires payment of a witness fee. Federal Rule of Civil

14   Procedure 45(b)(1) ("By Whom and How; Tendering Fees. Any person who is at least 18 years old

15   and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named

16   person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's

17   attendance and the mileage allowed by law...").

18   The fee for an appearance is set by statute. 28 U.S.C. §1821(a)(1) ("a witness in attendance

19   at any court of the United States, or before a United States Magistrate Judge, or before any person

20   authorized to take his deposition pursuant to any rule or order of a court of the United States, shall

21   be paid the fees and allowances provided by this section...")

22   The witness fee includes a daily attendance fee of $40.00, travel expenses, and hotel fees. 28

23   U.S.C. §1821(b) ("A witness shall be paid an attendance fee of $40 per day for each day's

24   attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in

25   going to and returning from the place of attendance at the beginning and end of such attendance or

26   at any time during such attendance."). 28 U.S.C. §1821(c)(1) ("A witness who travels by common

27   carrier shall be paid for the actual expenses of travel on the basis of the means of transportation

28   reasonably utilized and the distance necessarily traveled to and from such witness's residence by the

2

**NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA**

shortest practical route in going to and returning from the place of attendance. Such a witness shall utilize a common carrier at the most economical rate reasonably available. A receipt or other evidence of actual cost shall be furnished."). 28 U.S.C. §1821(d)(1) ("A subsistence allowance shall be paid to a witness when an overnight stay is required at the place of attendance because such place is so far removed from the residence of such witness as to prohibit return thereto from day to day.").

By failing to serve a witness fee, service of the trial subpoena is **defective**. Robertson v. Dennis (In re Dennis), 330 F.3d 696, 705-705 (5th Cir. La. May 23, 2003) ("The conjunctive form of the rule indicates that proper service requires not only personal delivery of the subpoena, but also tendering of the witness fee and a reasonable mileage allowance: 'The plain meaning of Rule 45[(b)(1)] requires simultaneous tendering of witness fees and the reasonably estimated mileage allowed by law with service of a subpoena.' Id. The courts uniformly agree with this interpretation of rule 45(b)(1), as do the leading treatises on civil procedure. Accordingly, the subpoena was not properly served. A deposition witness is entitled to a statutory fee of forty dollars and a reasonable mileage allowance based on his mode and distance of transportation. 28 U.S.C. § 1821(b)-(c). Robertson tendered the forty-dollar fee with the subpoena but did not tender the mileage allowance. Yet, by tendering the fee, he implicitly acknowledged his concomitant duty to tender the mileage allowance. To be sure, the allowance would have been less than five dollars, because Smith lived just a few miles from the deposition site, but rule 45(b)(1) contains no de minimis exception.").

Federal Rule of Civil Procedure 45(d)(3)(A) ("Quashing or Modifying a Subpoena....When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that...requires a person to comply beyond the geographical limits specified in Rule 45(c) [100 miles of where she resides]...or subjects a person [Ms. Gonzalez] to undue burden [travel from and to Costa Rica].").

### III.   COUNSEL REJECTED ALTERNATIVE ARRANGEMENTS TO OBTAIN THE TESTIMONY OF GONZALEZ

Mr. Wilson offered to have Gonzalez appear in advance of trial for deposition in Costa Rica, via video or by telephone. (See the Declaration of John D. Wilson, attached hereto.)

3

1   The deposition testimony could be offered at trial because Gonzalez would be unavailable

2 (outside of the 100-mile reach). Federal Rule of Civil Procedure 32(a)(2)(4)(B) ("Unavailable

3 Witness. A party may use for any purpose the deposition of a witness, whether or not a party, if the

4 court finds...that the witness is more than 100 miles from the place of hearing or trial or is outside

5 the United States, unless it appears that the witness's absence was procured by the party offering the

6 deposition").

7   It should be noted that Mr. Biller can never meet the two-part test of 28 U.S.C. §1783 and he

8 will not have the right to serve a trial subpoena in Costa Rica.

9   Furthermore, it is arguable that the power of a U.S. subpoena does not reach across the

10 United States border.

11   Mr. Biller has a duty to avoid undue expense and trouble for the witness. Monetary sanctions

12 are available under Federal Rule of Civil Procedure (d)(1) ("Avoiding Undue Burden or Expense;

13 Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable

14 steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for

15 the district where compliance is required must enforce this duty and impose an appropriate

16 sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney

17 who fails to comply.").

18 **IV. CONCLUSION**

19   The Subpoena is fatally defective for all of the reasons identified in this motion.

20 Accordingly, the Court should quash the subpoena served on Gonzalez.

21

22 Dated: August 21, 2017     Respectfully submitted,

23          LAW OFFICES OF JOHN D. WILSON

24

25         By: _____

26           JOHN D. WILSON
           Attorney for Non-Party Eniluz Gonzalez

27

28

# DECLARATION OF ENILUZ GONZALEZ

I, Eniluz Gonzalez, declare as follows:

1.      I am over the age of 18, not a party to this action, and if called upon as a witness, I could and would testify to the following facts as they are personally known to me.

2.      For over six months, my husband, Stephen Choi and I have been planning a move to Costa Rica. We went through an elaborate application process to have our two children enrolled in certain learning institutions in Costa Rica.

3.      Our family permanently moved to Costa Rica on August 4, 2017. I may return to the United States to visit around the holidays, but have no specific travel plans. I have no other plans to return to the United States.

4.      At my deposition which occurred on July 31, 2017, Mr. Biller handed me the Subpoena (Exhibit "A"). He did not give me a witness fee or fees for travel expenses.

I declare under penalty of perjury under the law of the United States that the foregoing is true and correct.

Executed on August18, 2017 in Costa Rica.

Eniluz Gonzalez

NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA

# EXHIBIT A

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Central District of California   [▼]

| | |
|---|---|
| In re PDTW, LLC | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No.  6:16-bk-15889 SY |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To: Enliuz Gonzalez, 317 17th Street, Manhattan, CA 90266

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| | |
|---|---|
| Place: United States Bankruptcy Court, Central District of California, Riverside 3420 12th Street, Riverside CA | Courtroom No.: 302 |
| | Date and Time: 9/28/17 @ 9:00 AM |

You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   07/30/2017

*CLERK OF COURT*

OR _____

_____                    _____
*Signature of Clerk or Deputy Clerk*                          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Creditor Paula Thomas   who issues or requests this subpoena, are:

LDT Consulting, Inc., Dimitriois P. Biller, 15113 Sunset Blvd., Siute 9, Pacific Palisades, CA (310) 459-9870, biller_ldtconsulting@verizon.net

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 2)

Civil Action No. 6:16-bk-15889 SY

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* ENLIVE GONZALEZ
on *(date)* 7/31/17 .

☑ I served the subpoena by delivering a copy to the named person as follows: ENLIVE
GONZALEZ

on *(date)* 7/31/17 ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00

I declare under penalty of perjury that this information is true.

Date: 7/31/17

_____
*Server's signature*

DIMITRIOS BILCHA
*Printed name and title*

15113 W. SUNSET BLVD
*Server's address*

Additional information regarding attempted service, etc.:

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
        **(i)** is a party or a party's officer; or
        **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        **(i)** fails to allow a reasonable time to comply;
        **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
        **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        **(i)** expressly make the claim; and
        **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## ATTACHMENT "A" TO GONZALEZ SUBPEONA

**REQUEST FOR PRODUCTION NO. 1**:

Produce all **DOCUMENTS** regarding **COMMUNICATIONS** between

Hillshore Investment, S.A. and Thomas Wylde, LLC.

**REQUEST FOR PRODUCTION NO. 2**:

Produce any and all **DOCUMENTS** related to any loans Hillshore

Investment, S.A. provided to Thomas Wylde, LLC.

**REQUEST FOR PRODUCTION NO. 3**:

Produce any and all **DOCUMENTS** related to any investment Hillshore

Investment, S.A. made in Thomas Wylde, LLC.

**REQUEST FOR PRODUCTION NO. 4**:

Produce any and all **DOCUMENTS** related any returns on any investment

Hillshore Investment, S.A. received from Thomas Wylde, LLC and any person

associated with Thomas Wylde, LLC.

**REQUEST FOR PRODUCTION NO. 5**:

Produce any and all **DOCUMENTS** related to a transfer of money from any

bank accounts in the name of Hillshore Investment, S.A. and Thomas Wylde, LLC.

**REQUEST FOR PRODUCTION NO. 6**:

Produce any and all **DOCUMENTS** related to the Units of Membership

Hillshore Investment, S.A. owns in Thomas Wylde, LLC.

**REQUEST FOR PRODUCTION NO. 7**:

Produce any and all **DOCUMENTS** related to any and all ownership interests in Thomas Wylde, LLC.

**REQUEST FOR PRODUCTION NO. 8**:

Produce any and all **DOCUMENTS** related to the by-laws of Hillshore Investment, S.A.

**REQUEST FOR PRODUCTION NO. 9**:

Produce any and all **DOCUMENTS** related the articles of incorporations of Hillshore Investment, Inc.

**REQUEST FOR PRODUCTION NO. 10**:

Produce any and all **DOCUMENTS** related to any and all minutes of the Board of Directors from 2014 to the present time.

**REQUEST FOR PRODUCTION NO. 11**:

Produce any and all **DOCUMENTS** regarding the Purchase Agreement between Hillshore Investment, S.A. and Thomas Wylde, LLC.

**REQUEST FOR PRODUCTION NO. 12**:

Produce any and all **DOCUMENTS** that relate Employment Agreement between Thomas Wylde, LLC and Paula Thomas.

**REQUEST FOR PRODUCTION NO. 13**.

Produce any and all **DOCUMENTS** that relate to the address of the physical

location of Hillshore Investment, S.A.

**REQUEST FOR PRODUCTION NO. 14**:

Produce any and all **DOCUMENTS** related the business purposes of Hillshore Investment, S.A.

**REQUEST FOR PRODUCTION NO. 15**:

Produce any and all **DOCUMENTS** related any and all advertising Hillshore Investment, S.A. authorizes for business purposes.

**REQUEST FOR PRODUCTION NO. 16**:

Produce any and all **DOCUMENTS** related to organizational charts for Hillshore Investment, S.A. used between 2014 and the present time.

**REQUEST FOR PRODUCTION NO. 17**:

Produce any and all **DOCUMENTS** related bank statements reflecting any transfer of money between any accounts in the name of Hillshore Investment, S.A. and bank accounts in the name of Thomas Wylde, LLC.

**REQUEST FOR PRODUCTION NO. 18**:

Produce any and all **DOCUMENTS** regarding the names, addresses, e-mail addresses and telephone number of any agents, employee, directors and officers of Hillshore Investment, S.A.

**REQUEST FOR PRODUCTION NO. 19**:

Produce any and all **DOCUMENTS** related to the number of shares issued

by Hillshore Investment, S.A.

## **REQUEST FOR PRODUCTION NO. 20**:

Produce any and all **DOCUMENTS** regarding the names, addresses, e-mail addresses, and telephone numbers of the shareholders.

## **REQUEST FOR PRODUCTION NO. 21**:

Produce any and all **DOCUMENTS** related to the number of shares each shareholder has in his/her/its name.

## **REQUEST FOR PRODUCTION NO. 22**:

Produce any and all **DOCUMENTS** related to the value of shares as of the present time.

## DECLARATION OF JOHN D. WILSON

I, John D. Wilson declare and state as follows:

1.      I am an attorney licensed to practice in all courts in the State of California, and represent non-party Eniluz Gonzalez in connection with this motion to quash the Subpoena.  I have firsthand knowledge of the following facts and would and could competently testify thereto if called upon to do so.

2.      Our client was deposed by Mr. Biller in a State Court action on July 31, 2017, at which time Mr. Biller served our client with the Subpoena. No fee for the subpoena or for travel was given to our client by Mr. Biller.

3.      I am informed that our client moved with her family to Costa Rica on or about August 4, 2017.

4.      Via email, I informed Mr. Biller of these events, and offered as a solution that our client would appear for deposition in Costa Rica, or by video or telephone. Mr. Biller's response was disturbing as well as failing to address the options that were offered in lieu of Ms. Gonzalez appearing on August 28, 2017. The exchange of emails is attached hereto collectively as Exhibit "B".

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 21st day of August, 2017 at Los Angeles, California.


JOHN D. WILSON

**NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA**

# EXHIBIT B

**John Wilson**

| | |
|---|---|
| **From:** | Dimitrios Biller <biller_ldtconsulting@verizon.net> |
| **Sent:** | Monday, August 07, 2017 9:40 AM |
| **To:** | John Wilson |
| **Cc:** | 'Richard' |
| **Subject:** | RE: Stephen Choi |

The Court will not accept a stipulation of facts, because it is difficult to cross exam a stipulation. I will hold you responsible for this fraud. I will subpoena you to appear before Judge Yun on August 28 and present any and all documents that support you position stated below. Will you accept the subpoena via e-mail?

**From:** John Wilson [mailto:johnw@jdwilsonlaw.net]
**Sent:** Monday, August 07, 2017 9:13 AM
**To:** Dimitrios Biller <biller_ldtconsulting@verizon.net>
**Cc:** Richard (lawstudios@comcast.net) <lawstudios@comcast.net>
**Subject:** RE: Stephen Choi
**Importance:** High

Mr. Biller: We write in connection with the subpoena to Eniluz Gonzalez to appear at the bankruptcy trial on August 28, 2017. Initially, Ms. Gonzalez is out of the country and will not return until Thanksgiving. The plan to move to costa Rica has been in the works for approximately 6 months and once her children were accepted into the school of their choice, the only question was when the move would occur. As you know, after having deposed Ms. Gonzalez on July 31, 2017, she knows nothing about the operations of Hillshore, nor does Ms. Gonzalez have any knowledge of Hillshore's interaction with Thomas Wylde or its prior iteration. Ms. Gonzalez testified that while she is an officer and sole shareholder of Hillshore, the company is run entirely by her husband Stephen Choi. Thus, she will not be able to provide any percipient facts in connection with the subject matters of the bankruptcy trial.

If you require a stipulation to that effect, I would pass that along to Ms. Gonzalez. Please advise.

Furthermore, Ms. Gonzalez is residing in Cosa Rica. He children will starting school around mid-August and she does not want to leave them during this period. If you believe her testimony is needed, we invite you the opportunity in lieu of a personal appearance to video conference her deposition, or take a phone deposition or appear in Costa Rica to take her deposition. Please let us know as soon as possible whether you have an interest in one of these alternatives.

JOHN D. WILSON, Esq.
LAW OFFICES OF JOHN D. WILSON
1900 Avenue of the Stars, Suite 960
Los Angeles, CA 90067

Ph.: (310) 277-2323

1

Fax: (310) 556-2308
E-mail: johnw@jdwilsonlaw.net

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS
ADDRESSED, AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM
DISCLOSURE UNDER APPLICABLE LAW. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED
RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE
INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, COPYING OR
USE OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN
ERROR, PLEASE NOTIFY US IMMEDIATELY, AND DESTROY THE ORIGINAL MESSAGE AND ALL COPIES
THEREOF (INCLUDING ELECTRONIC MEDIA). THANK YOU.

**From:** Dimitrios Biller [mailto:biller_ldtconsulting@verizon.net]
**Sent:** Friday, August 04, 2017 7:46 AM
**To:** John Wilson <johnw@jdwilsonlaw.net>
**Subject:** Stephen Choi

Mr. Wilson

Please advise if you will produce Stephen Choi and the documents
he filed to produce at his first deposition. If I do not receive a
response from you by 5:00 p.m. today, I will file a motion to
compel. This is not the third or fouth communication we have
shared on this issue. Also, confirm Mrs. Gonzalez will appear at
trial on August 28, 2017. I informed the Bankruptcy Judge about
her plans to make herself unavailable, so I need to know.

Dimitrios P. Biller
LDT Consulting, Inc.
15113 West Sunset Blvd., Suite 9
Pacific Palisades, California 90272
(310) 459-9870
biller_ldtconsulting@verizon.net

This e-mail and/or attachments may contain confidential
information protected by the Attorney-Client Privilege, Attorney
Work-Product Privilege and/or the concept of "Confidentiality" as

defined by the *California Rules of Professional Conduct*.  If you have mistakenly received this e-mail please immediately delete it and confirm you have deleted it from your systems.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

1900 Avenue of the Stars, Suite 960, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled (*specify*): <u>NON-PARTY ENILUZ GONZALEZ'S NOTICE OF</u>
<u>MOTION AND MOTION TO QUASH SUBPOENA DUCES TECUM; MEMORANUDM OF POINTS AND AUTHORITIES</u>
<u>AND DECLARATIONS OF ENILUZ GONZALEZ AND JOHN D. WILSON IN SUPPORT THEREOF</u>

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
<u>08/21/2017</u>      , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:

biller_ldtconsulting@verizon.net; lawstudios@comcast.net; lawstudios@gmail.com; misty@ppilawyers.com;
ecf@ppilawyers.com; r51779@notify.bestcase.com; larry@lsimonslaw.com; c119@ecfcbis.com;
nancy@lsimonslaw.com; cynthia@lsimonslaw.com

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*)  <u>08/21/2017</u>      , I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge <u>will be completed</u> no later than 24 hours after the document is filed.

| | | |
|---|---|---|
| Hahn Fife & Company LLP | LCCP Blackwelder Fee Owner LLC | Allyson K Thompson |
| 790 East Colorado Blvd 9th Floor | 3243 S. La Cienega Blvd. | Kring & Chung, LLP |
| Pasadena, CA 91101 | Los Angeles, CA 90016 | 38 Corporate Park |
| | | Irvine, CA 90016 |

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)                , I served
the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is
filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| <u>08/21/2017</u> | <u>Edna Rodriguez</u> | |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                    **F 9013-3.1.PROOF.SERVICE**

# Mailing Information for Case 6:16-bk-15889-SY

### Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Dimitrios P Biller**   biller_ldtconsulting@verizon.net
- **Richard B Peddie**   lawstudios@comcast.net, lawstudios@gmail.com
- **Misty A Perry Isaacson**   misty@ppilawyers.com, ecf@ppilawyers.com; r51779@notify.bestcase.com
- **Larry D Simons (TR)** larry@lsimonslaw.com, c119@ecfcbis.com; nancy@lsimonslaw.com; cynthia@lsimonslaw.com
- **United States Trustee (RS)** ustpregion16.rs.ecf@usdoj.gov
- **Nancy H Zamora** zamora3@aol.com

### Manual Notice List

The following is the list of **parties** who are **not** on the list to receive email notice/service for this case (who therefore require manual noticing/service).

> **Hahn Fife & Company LLP**
> 790 East Colorado Blvd 9th Floor
> Pasadena, CA 91101
>
> **LCCP Blackwelder Fee Owner LLC**
> 3243 S. La Cienega Blvd.
> Los Angeles, CA 90016
>
> **Allyson K Thompson**
> Kring & Chung, LLP
> 38 Corporate Park
> Irvine, CA 92606-5105