Dimitrios P. Biller (SBN: 142730)
Marcia L. Daley (SBN:146579)
15113 West Sunset Blvd. #9
Pacific Palisades, California 90272
(310) 459-9870
biller_ltdconsulting@verizon.net
marciad@daleyandsackslaw.com

Attorneys for Paula Thomas

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION

| | |
|---|---|
| In re<br>PDTW, LLC<br><br>              Debtor | Case No.: 6:16-bk-15889 SY<br><br>**OPPOSITION TO ENILUZ GONZALEZ' MOTION TO QUASH THE SUBPEONA DUCES TECUM; DECLARATION OF DIMITRIOS P. BILLER** |

Date: August 24, 2017
Time: 9:00 p.m.
Crtm: 302
3420 Twelfth Street
Riverside, CA 92501

Creditor Paula Thomas hereby files her Opposition to the Motion to Quash filed on behalf of Eniluz Gonzalez by her Attorney John Wilson.

OPPOSITION TO ENILUZ GONZALEZ' MOTION TO QUASH THE SUBPEONA DUCES TECUM; DECLARATION OF DIMITRIOS P. BILLER
- 1

# **Table of Contents**

OPPOSITION TO MOTION TO QUASH ..................................................................... 4

I. ................................................................................................................................. 4

INTRODUCTION ........................................................................................................ 4

II. ................................................................................................................................ 5

IMPEACHING EVIDENCE ........................................................................................ 5

   A.  False Statements in the Declarations of Eniluz Gonzalez & John Wilson ...... 5

   B.  The Deposition Testimony of Eniluz Gonzalez Impeaches the Statements in

       the Declarations of Eniluz Gonzalez and John Wilson .................................. 7

II. ................................................................................................................................ 9

STATEMENT OF FACTS ........................................................................................... 9

   A.  The Conspiracy to Ruin PDTW, LLC and to Create Thomas Wylde, LLC to

       Avoid Paying Debt Owed by PDTW, LLC ................................................... 9

   B.  Hillshore Investment, S.A. is a Shell Corporation in Panama City, Panama,

       Eniluz Gonzalez is the Puppet and Stephon Choi Controls the Strings ........ 10

   C.  The Fraud to Wipe Out PDTW, LLC Commences ....................................... 12

D. Contracts Signed on December 31, 2014 ......................................................13

E. Fraud Completed on April 15, 2015 ............................................................14

III. ...............................................................................................................................15

ARUGMENT ................................................................................................................15

A. Paula Thomas Served the Appropriate Subpoena On Eniluz Gonzalez ........15

B. A Motion to Quash Should NOT Even Be Considered When Based on False

Statements in the Declarations File with the Motion ....................................17

IV. ...............................................................................................................................18

CONCLUSION .............................................................................................................18

OPPOSITION TO ENILUZ GONZALEZ' MOTION TO QUASH THE SUBPEONA DUCES TECUM; DECLARATION OF DIMITRIOS P. BILLER
- 3

# OPPOSITION TO MOTION TO QUASH

## I.

## INTRODUCTION

Eniluz Gonzalez seeks an Order to allow her to flee the United States because she and her husband have destroyed PDTW, LLC. The Motion to Quash is a fraud on the United States Bankruptcy Court. Attorney John D. Wilson was at the deposition of Eniluz Gonzalez when she testified she will be available to testify, then she stated under oath that she will be going to Costa Rico until November 2017. (**Deposition Transcript of Gonzalez, pg. 14, ln. 13 – pg. 16, ln. 12, Exhibit "1"**) Now she is allegedly moving to Costa Rica on August 4, 2017 – four days after her deposition.

The Declarations, signed under penalty of perjury, of Eniluz Gonzalez and John Wilson contain false facts. The deposition testimony of Eniluz Gonzalez impeaches their statements. The Declarations of Eniluz Gonzalez and John Wilson were submitted with false statements because the truth would require the witness to appear and testify. Why would Eniluz Gonzalez take the risks associated with perjury? Eniluz Gonzalez and her husband led the fraud on PTDW, LLC that destroy the company and Paula Thomas.

Most importantly, John Wilson was present at the deposition of Eniluz Gonzalez when she was served. The only objection he raised related to appearing in Court on August 28, 2017 related to being out of the county from August to November, 2017. All other objections raised it he Motion to Quash were not raised and have been waived. Paula Thomas' counsel relieved the witness of her obligation to appear at the Hearing on August 28, 2017 if she produced documents showing she was not running away from the subpoena and John Wilson said he would get back to counsel on that issue. He never did. **(Deposition Transcript of Gonzalez, pg. 151, ln. 11 through pg. 154, ln. 11)** John Wilson and Mrs. Gonzalez violated the stipulation agreed to at the end of the deposition because the transcript has not been sent to Paula Thomas' counsel that was due on August 15, 2017, signed. Why? To avoid signing the document under penalty of perjury. **(Deposition Transcript of Gonzalez, pg. 154, ln. 14 through pg. 155, ln. 12)** It is imperative to note that John Wilson did not inform the court of the deposition.

## II.

## IMPEACHING EVIDENCE

**A. False Statements in the Declarations of Eniluz Gonzalez & John Wilson**

OPPOSITION TO ENILUZ GONZALEZ' MOTION TO QUASH THE SUBPEONA DUCES TECUM; DECLARATION OF DIMITRIOS P. BILLER - 5

Despite just having testified at her deposition 18 days before signing her Declaration, the following two paragraphs in her Declaration are completely false:

"2.    **[1]** For over six months, **[2]** my husband, Stephen Choi and I have been planning a move to Costa Rica.  **[3]** We went through an elaborate application process to have our **[4]** two children enrolled in certain learning institutions in Costa Rica."

"3.    **[5]** Our family permanently moved to Costa Rica on August 4, 2017.  **[6]** I may return to the United States to visit around the holidays, but have no specific travel plans.   **[7]** I have no other plans to return to the United States."

**(Decl. of Gonzalez, pg. 8, lns. 5-10)**

John Wilson made false statements to cover up for his client.  He declared **[8]** "Gonzalez no longer resides in the United States."  He also claims to offer alternatives to having the witness appear in Court.   John Wilson also stated:

"5.    **[9]** Counsel for Gonzalez offered alternative methods of obtaining the testimony of Gonzalez, to which counsel that issued the Subpoena did not directly respond, such as taking a video deposition, taking

OPPOSITION TO ENILUZ GONZALEZ' MOTION TO QUASH THE SUBPEONA DUCES TECUM; DECLARATION OF DIMITRIOS P. BILLER - 6

a deposition by phone or taking the deposition in Costa Rica, and thereafter utilizing the deposition testimony at trial because the witness is unavailable." (Decl. of John Wilson, pg. 2, lns. 5-9)

Each of the sentences that include a bracket and number in bold are false and impeached by the record at Mrs. Gonzalez deposition on July 31, 2017 in the state action.

### B. The Deposition Testimony of Eniluz Gonzalez Impeaches the Statements in the Declarations of Eniluz Gonzalez and John Wilson

Eniluz Gonzalez was served with a California State subpoena duces tecum, she was required to appear for a deposition on July 31, 2017 and to produce documents. (**Deposition Transcript of Gonzalez, pg. 19, ln. 4 – pg. ln. 7**) In the most amazing display of coaching a witnesses and impeding the deposition process, John Wilson continuously interpreted cross-examination to lead the witness into testifying she did not have any documents and that is why she did not produce any. When the witness finally stated she did not have any document John Wilson instructed her to not answer the question if she got the answer from her lawyer. (**Deposition Transcript of Gonzalez, pg. 19, ln. 7 – pg. 22, ln. 19**)

Contrary to her statements in her Declaration, Eniluz Gonzalez testified that she was going to be in the United States from July 31, 2017 to November 2017.

OPPOSITION TO ENILUZ GONZALEZ' MOTION TO QUASH THE SUBPEONA DUCES TECUM; DECLARATION OF DIMITRIOS P. BILLER - 7

Then she testified that she did not know if she had travel plans, but she changed her answer to she did have travel plans. She testified that she was traveling on "Wednesday" (August 2, 2017), but she did not know when she was coming back. The witness then smiled and stated she would be back in November 2017 after numerous attempts to get an answer to the simple questions "when are you coming back." John Wilson instructed the witness not to answer when asked "where are you going." When counsel for Paula Thomas asked about documents regarding her travel plans, John Wilson refused to allow her to answer and then ultimately instructed her not to answer. (**Deposition Transcript of Gonzalez, pg. 14, ln. 13 – pg. 16, ln. 12**)

Eniluz Gonzalez did not testify that she and her family were moving to Costa Rica to become permanent residences and that she and her husband had worked for six months to make arrangements for their children in Costa Rico. She testified that she was returning in November 2017 but she declared she did not know when she was returning. These statements in her Declaration are false. Why would Eniluz Gonzalez and John Wilson come up with this scheme to avoid appearing at a hearing? The testimony is very damaging to Thomas Wylde, Stephone Choi/Mrs. Gonzalez and "Hillshore Investment, S.A." Thomas Wylde does not have a right to submit claims because it destroyed PDTW, LLC.

OPPOSITION TO ENILUZ GONZALEZ' MOTION TO QUASH THE SUBPEONA DUCES TECUM; DECLARATION OF DIMITRIOS P. BILLER
- 8

How does John Wilson know his client now reside Costa Rica?  He has waived any attorney-client privilege on that count, so counsel for Paul Thomas requests an opportunity to cross-exam the whereabouts of Eniluz Gonzalez and Stephon Choi, her husband.  Both are material witnesses in the Bankruptcy case (and all cases) because they can explain to the Court how they destroyed PDTW, LLC, left it for ruin and debt ridden to create Thomas Wylde, LLC.

## II.

## STATEMENT OF FACTS

**A. The Conspiracy to Ruin PDTW, LLC and to Create Thomas Wylde, LLC to Avoid Paying Debt Owed by PDTW, LLC**

Prior to July 22, 2014 the clothes that Paula Thomas designed were sold through PDTW, LLC and she was 99.5% owner of the company.  On July 22, 2014 Thomas Wylde, LLC was created when Hillshore Investment, S.A and Stephen, and Eniluz Gonzalez (on the one hand) conspired with Jene Park, John Hanna, David Schnider, Doug Lee and Roger Kou (on the other hand) to cut out Paula Thomas.  **(Decl. of Biller, Exhibit "2")** Thomas Wylde, LLC was established so creditors could not recover money from PDTW, LLC; Thomas Wylde, LLC started fresh and no debt.  David Schnider (in-house counsel for PDTW, LLC and Thomas Wylde, LLC) testified Paula Thomas was not identified on the new Operating

Agreement so not to tip off creditors that Thomas Wylde, LLC was created to avoid paying the debt. (**Decl. of Biller**)

## B. Hillshore Investment, S.A. is a Shell Corporation in Panama City, Panama, Eniluz Gonzalez is the Puppet and Stephon Choi Controls the Strings

Eniluz Gonzalez claims she is the "President" and "General Manager" of Hillshore Investment, LLC, but she does not know if that "shell" corporation invested $9.1 million in Thomas Wylde, LLC. She testified that she does not have any duties as the President and General Manager. She did not know she signed a documents indicating that Hillshore Investment, S.A. would receive 3,300 units of membership for $9.1 million in investment into Thomas Wylde, LLC. She did not know why she signed the documents nor did she know if Hillshore Investment S.A. has a copy. She does not remember how long she has been the President and General Manager of Hillshore Investment, S.A. (**Deposition Transcript of Gonzalez, pg. 22, ln. 21 – pg. 27, ln. 3**)

Hillshore Investment, LLC does not exist. The witness testified that she owns the shares of Hillshore Investment, S.A. but John Wilson instructed her not to answer the questions regarding the number of shares she owns. (**Deposition Transcript of Gonzalez, pg. 27, ln. 24 – pg. 28, ln. 8**) She claims Hillshore

Investment, S.A. does not have a physical location, telephone number or certificates of shares, but the business operates out of her house and she does nothing for the business. (**Deposition Transcript of Gonzalez, pg. 28, ln. 9 – pg. 29, ln. 19**) The witness testified that Hillshore Investment, S.A. operates Thomas Wylde, LLC, then she changed her testimony that she did not know what business operations were involve with Hillshore Investment, S.A. after number statements by John Wilson. She does not know who made the decision to invest $9.1 million into Thomas Wylde, LLC. The witness then testified that her husband made the decision to invest $9.1 million and she did not have any discussion about that decision. (**Deposition Transcript of Gonzalez, pg. 29, ln. 23 – pg. 32, ln. 20**)

In a typical, blunt force obstructionist method, John Wilson instructed the witness not to answer the question "How does Hillshore Investments generate revenues?" (**Deposition Transcript of Gonzalez, pg. 33, ln. 6 – pg. 35, ln. 3**) Eniluz Gonzalez did not have any of the 22 categories of documents she was required to produce. (**Deposition Transcript of Gonzalez, pg. 36, ln. 17 – pg. 45, ln. 7**)

John Wilson instructed the witness not to answer numerous questions about Hillshore Investment, S.A. (**Deposition Transcript of Gonzalez, pg. 52, ln. 17 – pg. 55, ln. 3**) Eniluz Gonzalez' background and education is very limited; she is

OPPOSITION TO ENILUZ GONZALEZ' MOTION TO QUASH THE SUBPEONA DUCES TECUM; DECLARATION OF DIMITRIOS P. BILLER - 11

essentially a stay at home mother with very little work experience. She did not have any training, education, work experience to be the President and General Manager of an Investment company. (**Deposition Transcript of Gonzalez, pg. 59, ln. 2 – pg. 66, ln. 13**) She is identified on corporate documents as the President of two other companies that she did not know anything about. **(Deposition Transcript of Gonzalez, pg. 73, ln. 17 – pg. 76, ln. 24)** Again, when asked questions about the other companies the witness was identified as President, John Wilson instructed the witness not to answer on irrelevancy grounds

### C. The Fraud to Wipe Out PDTW, LLC Commences

As of January 26, 2016 "Hillshore Investment, S.A." invested $9.1 million into Thomas Wylde, LLC. Eniluz Gonzalez signed the document indicating the $9.1 investment. (**Decl. of Biller, Exhibit "3"**) Paula Thomas obtained information from DATO regarding Hillshore Investment, Inc. that indicated Eniluz Gonzalez was the "President" and "General Manager" of Hillshore Investment, S.A., but she testified that she did not know anything about the business, at all. **(Decl. of Biller, Exhibit "4")**

According to one document from QuickBooks that Stephon Choi produced at his deposition, "Hillshore Investment, S.A." gave Thomas Wylde, LLC $2.3 million from August 2014 to December 31, 2014 in "loans" converted to "equity."

OPPOSITION TO ENILUZ GONZALEZ' MOTION TO QUASH THE SUBPEONA DUCES TECUM; DECLARATION OF DIMITRIOS P. BILLER - 12

(**Decl. of Biller, Exhibit "5")** On another QuickBooks documents Thomas Wylde, LLC "membership contributions" it states Hillshore/Stephon gave $2.3 million to Thomas Wylde, LLC in the form of "loans to equity" on December 31, 2013.  The former document indicates Hillshore Investment, S.A. did not make any investments into Thomas Wylde, LLC in 2015, but the latter shows it made substantial capital contributions in 2015.  **(Decl. of Biller, Exhibit "6")**

### D.     Contracts Signed on December 31, 2014

Paula Thomas' personal attorney and attorney of her other business (David Schnider) represented Thomas Wylde, LLC in negotiations against Paula Thomas regarding numerous contracts that Paula Thomas singed on December 31, 2014. David Schnider did not obtain a written disclosure and consent agreement from Paula Thomas to do so.  He later admitted that an adverse relationship with Paula Thomas was a violation of *Rule 3-310 of the Rules of Professional Conduct*. (**Decl. of Biller, Exhibit "7"**)

Paula Thomas signed the Agreement to Purchase Membership Interest. (**Decl. of Biller, Exhibit "8"**) Paula Thomas agreed to transfer her intellectual property interests to Thomas Wylde, LLC in return for Hillshore Investment, S.A. making a $2 million "*__loan__*" to Thomas Wylde, LLC on December 31, 2014 and she could purchase 64 units in membership in Thomas Wylde, LLC for $3,200.

The Purchase Agreement clearly states: "Hillshore Investments funding of a Two Million Dollar ($2,000,000.00) *loan* to the Company." (Emphasis added; **Exhibit "8", pg. 3, Clause 6(c)**) Hillshore Investment, S.A. never made a 2,000,000.00 "loan" to Thomas Wylde, LLC; it purchased $2.3 million in equity and Thomas Wylde, LLC breach the contract by fraudulently stating a "loan" was going to be made. However, the $2 million was *loan converted to equity* that took place from August 2014 to December 20154 without Paula Thomas' knowledge.

### E. Fraud Completed on April 15, 2015

Thomas Wylde, LLC terminated Paula Thomas on April 15, 2015 and that was last day she received a salary from her company. Although she signed an Employment Agreement on December 31, 2014, Thomas Wylde, LLC actually terminated her on April 15, 2014. (**Declaration of Biller, Exhibit "9"**) However, Thomas Wylde, LLC takes the position that the termination took place on May 14, 2015 through the letter Richard Peddie wrote. (**Decl. of Biller, Exhibit "8"**) Thomas Wylde, LLC has taken the position there are no other documents related to the May 14, 2014 letter and David Schrader signed a verification to that effect. (**Decl. of Biller, Exhibit "10"**)

Those responses to discovery were false. David Schnider wrote a one-page termination letter that he sent to others for approval. (**Decl. of Biller, Exhibit**

OPPOSITION TO ENILUZ GONZALEZ' MOTION TO QUASH THE SUBPEONA DUCES TECUM; DECLARATION OF DIMITRIOS P. BILLER - 14

**"11")** The Employment Agreement required Thomas Wylde, LLC to give Paula Thomas 30 days' notice to cure any performance deficiencies that rose to the level of "Cause." No such notice was given as indicated in the May 6 and May 14, 2014 letters. Thomas Wylde, LLC kept her termination a secret from April 15, 2015 to May 16, 2015. During this time there was no comminution with Paula Thomas.

### III.

### ARUGMENT

**A. Paula Thomas Served the Appropriate Subpoena On Eniluz Gonzalez**

There is not a Bankruptcy subpoena to appear at an evidentiary hearing. There is not a generic Bankruptcy subpoena without any designation and description for a specific proceeding. Therefore, Paula Thomas used the Federal District Court subpoena that does not limit the purpose of the appearance. There is nothing wrong with that.

The parties to the bankruptcy action includes: PDTW, LLC. There is no need to identify all the creditors. This is not an adversary proceeding. As this Court obviously knows, there are Plaintiffs and Defendants in adversary proceeding that must be identified in the caption. Merely because the box requesting documents to be produce does not forgive the witness from not

OPPOSITION TO ENILUZ GONZALEZ' MOTION TO QUASH THE SUBPEONA DUCES TECUM; DECLARATION OF DIMITRIOS P. BILLER - 15

appearing or justify the motion to quash.

A failure to check a box to produce documents is an administrative failure. The requested to produce is clearly evident by the list of documents attached to the subpoena. Certainly, John Wilson knew there was a request to produce because he acknowledge it in the motion.

The instructions on the back of the subpoena specifies the grounds to file a Motion to Quash:

(3) Quashing or Modifying a Subpoena

    (A)   ***When Required.*** On timely motion, the court for the district court where compliance is required must quash or modify a subpoena that:

        (i)   Fails to allow a reasonable time to comply;

        (ii)   Requires a person to comply beyond the geographical limits specified I Rule 45(c);

        (iii)   Requires disclosure of privilege or other protected matter, if no exception or waiver applies; or

    (B)***When Permitted***. To protect a person subject to or affected by a subpoena, the court for the district where compliance is require may, on motion, quash or modify the subpoena if it requires:

OPPOSITION TO ENILUZ GONZALEZ' MOTION TO QUASH THE SUBPEONA DUCES TECUM; DECLARATION OF DIMITRIOS P. BILLER - 16

      (i)    Disclosing a trade secret or other confidential research, , development, or commercial information; or

      (ii)    Disclosing an unretained expert's opinion or information that does not describe specific occurrence is dispute and results from the expert's study that was not requested by a party

(C) *Specifying Conditions as an Alternative*.  In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

      (i)    Shows a substantial need for the testimony of material that cannot be otherwise met without under hardship; and

      (ii)    Ensures that the subpoenaed person will be reasonably compensated.

None of the grounds to quash a subpoena set forth above exist in this case. The failure to pay witness fees can be cured immediately.  (**Decl. of Biller**)

**B. A Motion to Quash Should NOT Even Be Considered When Based on False Statements in the Declarations File with the Motion**

Under *Rule 11 of the Federal Rules of Civil Procedure*, requires attorneys

filing pleadings is representing to the Court that there is evidentiary support for the factual contentions. The only evidence having any credibility is the testimony of Mrs. Gonzalez. The motion is presented for an improper purpose – to evade service of the subpoena and avoid testifying before a court. There is no law that allows a Court to grant a Motion to Quash based on perjurous declarations. There is no evidence to support the conclusion that Mrs. Gonzalez has moved to Costa Rica permanently.

## IV.

## CONCLUSION

For the foregoing reasons, Paula Thomas respectfully requests that the Bankruptcy Court deny the Motion to Quash and required Eniluz Gonzalez appear and testify on August 28, 2017

Dated: August 23, 2017

Respectfully submitted

By: /S/ Dimitrios P. Biller
Attorney for Creditor Paula Thomas

OPPOSITION TO ENILUZ GONZALEZ' MOTION TO QUASH THE SUBPEONA DUCES TECUM; DECLARATION OF DIMITRIOS P. BILLER - 18

# PROOF OF SERVICE
# STATE OF CALIFORNIA
# COUNTY OF LOS ANGELES

I declare under penalty of perjury that I live in the County of Los Angeles, state of California, I am over the age of 18 years; my business is located at 15113 West Sunset Blvd., Suite "9", Pacific Palisades, CA 90272. On **August 23, 2017**, I caused to be served, via e-mail, the following pleadings:

**PAULA THOMAS' OPPOSITION TO THE MOTION TO QUASH THE SUBPEONA DUCES TECUM SERVED ON ENULZI GONZALEZ**

Will be served or was served (a) on the judge in chambers in the form and (b) the interested parties in this action by e-mail:

>John Wilson
>Law Offices of John D. Wilson
>1900 Avenue of the Stars, Suite 960
>Los Angeles, California 90067
>
>Larry D. Simon:  larry@lsimonslaw.com
>Richard B. Peddie: lawstudios@comcast.net
>Andrew Haley: ahaley@shoreline-law.com
>Misty A. Perry Isaacson: misty@ppilawyers.com
>Nancy J. Zamora: zamora3@aol.com
>OUST-Riverside: ustpregion16.rs.ecf@usdoj.gov

____BY MAIL – I placed such envelope for deposit in the U.S. Mail for service by the United States Postal service, with postage thereon fully prepaid. I am "readily familiar" with the practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Pacific Palisades, California. I am aware that on motion of the party served, service is

presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

____BY FEDERAL EXPRESS – I am familiar with the practice at my place of business for collection and processing of correspondence for overnight delivery maintained by Federal Express. Such correspondence will be deposited with a facility regularly maintained by Federal Express for receipt on the same day in the ordinary course of business. The envelope was sealed and placed for collection and delivery by Federal Express with delivery fees paid or provided for in accordance with ordinary business practices.

____BY PERSONAL SERVICE – I caused such envelope to be delivered by hand to the offices of the addressee.

**XXX**: E-mail at the above e-mail addresses.

**XXX** (State) I declare **under penalty of perjury under the laws of the State of California** that the foregoing is true and correct.

    Executed on **August 23, 2017**, at Pacific Palisades, California.

                             /S/ Dimitrios P. Biller
                             Dimitrios P. Biller

OPPOSITION TO ENILUZ GONZALEZ' MOTION TO QUASH THE SUBPEONA DUCES TECUM; DECLARATION OF DIMITRIOS P. BILLER - 20